# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:12CR45-HEH |
| | ) | |
| ARASH MOAZZENI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
### (Denying Motion to Dismiss Count 1)

The United States has charged Arash Moazzeni ("Moazzeni") with tax evasion, bankruptcy fraud, and bank fraud, among other charges. Count 1 of the Superseding Indictment alleges that he unlawfully evaded payment of taxes during a 12-year period. Since much of the conduct alleged in Count 1 is beyond the applicable 6 year limitation period, Moazzeni moves to dismiss that Count as unconstitutionally duplicitous (ECF No. 50). In response, the United States argues that the charge alleges a single continuous offense, the last act of which occurred at least as recently as 2007—placing the final act of the scheme within the limitation period. The motion has been fully briefed and the Court entertained oral argument on December 6, 2012. For the reasons that follow, the motion will be denied.

I

On March 2, 2012, a grand jury returned an eleven-count indictment against Moazzeni, charging him with a number of crimes allegedly committed during the course of his bankruptcy. A Superseding Indictment was returned on June 18, 2012, charging

essentially the same criminal conduct. Among the charges against him, Count 1 alleges that between 1997 and 2009, Moazzeni willfully attempted to evade the payment of tax liabilities accrued in 1994, 1996, 1997, and 1999 through 2007. (Superseding Indictment at 6-7, ECF No. 29.) More specifically, Count 1 charges that he filed false tax returns, used his wife and sister as nominees to hide assets, and concealed the nature of those assets from the Government. (*Id.* at 7.)

Relying principally on the cases of *Toussie v. United States*, 397 U.S. 112 (1970), and *United States v. Smith*, 373 F.3d 561 (4th Cir. 2004), Moazzeni argues that Count 1 is unconstitutionally duplicitous. (Def.'s Mot. Dismiss Count 1 at 4-7.) Specifically, he challenges whether Count 1 may properly include "two or more distinct and separate offenses in one single count," especially since a number of those "separate" offenses are well beyond the applicable statute of limitations.[1] (*Id.* at 4.) Correctly anticipating the Government's argument, Moazzeni disputes whether the "continuing offense" doctrine— which may serve to extend the limitation period— applies to the crime of tax evasion. (*Id.* at 6.)

## II

"The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." *Toussie*, 397 U.S. at 114. The Supreme Court has consistently instructed that "criminal limitations statutes are to be liberally interpreted

---

[1] The statute of limitations applicable to Count 1 is six years "next after the commission of the offense." 26 U.S.C. § 6531(2). Because the original Indictment was returned on March 2, 2012, the charge must be based on criminal conduct occurring since March 2, 2006.

2

in favor of repose." *Id.* at 115 (internal quotation marks omitted) (citing *United States v. Scharton*, 285 U.S. 518, 522 (1932); *United States v. Habig*, 390 U.S. 222, 227 (1968)). While the limitation period "normally begin[s] to run when the crime is complete," the continuing offense doctrine may, in limited circumstances, "extend[] the statute beyond its stated term." *Id.* (citations and internal quotation marks omitted). However, "such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, *or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.*" *Id.* (emphasis added).

"[D]uplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993); *see also United States v. Kamalu*, 298 Fed. App'x 251, 254 (4th Cir. 2008) (quoting *Burns*, 990 F.2d at 1438); *United States v. Shorter*, 809 F.2d 54, 56 (D.C. Cir. 1987) (quoting 1 C. Wright, *Federal Practice & Procedure: Criminal* § 142 (2d ed. 1982), *abrogated on other grounds in Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)). "When an indictment impermissibly joins separate offenses that occurred at different times, prosecution of the earlier acts may be barred by the statute of limitations." *Smith*, 373 F.3d at 563. "'The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.'" *Kamalu*, 298 Fed. App'x at 254 (quoting *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988), *abrogated on other grounds by Schad v. Arizona*, 501 U.S. 624 (1991)).

The prohibition on duplicity does not apply if the multiple "'acts could be characterized as part of a single, continuing scheme.'" *Id.* (quoting *Shorter*, 809 F.2d at 56); *see also United States v. Berardi*, 675 F.2d 894, 898 (7th Cir. 1982) (alleging multiple acts is not duplicitous if the acts are part of a continuing course of conduct). Moreover, "a duplicitous count is not to be dismissed unless it causes prejudice to the defendant." *Id.* (citing *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001) (citing *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981))). "Where the indictment 'fairly interpreted' alleges a 'continuing course of conduct, during a discrete period of time,' the indictment is not prejudicially duplicitous." *United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006) (quoting *Barardi*, 675 F.2d at 898). Because "[t]he line between multiple offenses and multiple means to the commission of a single continuing offense is often a difficult one to draw," the "decision is left, at least initially, to the discretion of the prosecution." *Id.* (citing *United States v. Tanner*, 471 F.2d 128, 138 (7th Cir. 1972)).

### III

The Court must first address Moazzeni's broad challenge to the Government's inherent authority to bring charges for a "continuing offense" under the statute at issue—26 U.S.C. § 7201. As the Supreme Court recognized in *Toussie*, it is not always necessary that Congress explicitly allow a particular crime to be charged as a continuing offense. It may also suffice if "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussi*, 397 U.S. at 115.

The operative statutory language here makes it a crime when someone "willfully

4

attempts *in any manner* to evade or defeat . . . payment" of income taxes. 26 U.S.C. § 7201 (emphasis added). By broadly defining the criminal conduct to include "any manner" of evasion, a reasonable construction of the statute would appear to embrace a continuing offense. *See Spies v. United States*, 317 U.S. 492, 499 (1943) (broadly construing the phrase "in any manner" as used in tax evasion statute); *see also United States v. Root*, 585 F.3d 145, 151 (3d Cir. 2009) (citations omitted) (same). Any other interpretation would strain logic, because it was the evasive action and criminal intent that Congress targeted—not the manner of evasion.

The Fourth Circuit has never addressed a duplicity challenge to a charge brought under 26 U.S.C. § 7201. However, every circuit to do so has rejected the argument raised by Moazzeni in this case.[2] Indeed, some of the cases cited by Moazzeni *rejected* the very position that he takes, albeit under somewhat different facts.[3]

While the Court is satisfied that Section 7201 may be charged as a continuing offense, the question still remains whether the Government's pleading of Count 1 is unconstitutionally duplicitous in this particular case. If the indictment "may fairly be read to charge but a single scheme," then it is not duplicitous. *Shorter*, 809 F.2d at 57. And even if it may be duplicitous, the Court may dismiss the charge only if Moazzeni will suffer unfair prejudice. *Kamalu*, 298 Fed. App'x at 254 (citations omitted).

The situation here is nearly identical to that addressed by the District of Columbia

---

[2] *See, e.g., United States v. Root*, 585 F.3d 145 (3d Cir. 2009); *United States v. Miller*, 520 F.3d 504 (5th Cir. 2008); *United States v. Greene*, 239 Fed. App'x 431 (10th Cir. 2008); *United States v. Brooks*, 174 F.3d 950 (8th Cir. 1999); *United States v. Barski*, No. 91-50615, 1992 U.S. App. LEXIS 15802 (9th Cir. July 1, 1992); *United States v. Waldeck*, 909 F.2d 555 (1st Cir. 1990).

[3] *E.g., Davis*, 471 F.3d 783; *Smith*, 373 F.3d 561.

5

Circuit in *Shorter*, 809 F.2d 54. In that case, the D.C. Circuit held that "tax evasion covering several years may be charged in a single count as a course of conduct . . . where the underlying basis of the indictment is an allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years." *Id.* at 58. The defendant in *Shorter* was alleged to have evaded the payment of taxes for more than a decade by living a "cash lifestyle." *Id.* at 57. Because "each affirmative act of tax evasion was intended to evade payment of all taxes owed . . . at the time of the affirmative act," the Court found that a "single scheme" was sufficiently alleged. *Id.* In reaching this conclusion, the Court emphasized that the "same evidentiary pattern" emerged throughout the indictment. *Id.* This Court finds the analysis in *Shorter* instructive.

As in *Shorter*, Count 1 here alleges that Moazzeni engaged in a pattern of tax evasion over the course of a decade. (Superseding Indictment at 6-7.) It specifically alleges that he repeatedly used his wife and sister "as nominees to acquire, transfer, use, and hold assets" to frustrate the Government's efforts to collect taxes due. (*Id.*) Further, Count 1 alleges that such acts occurred at least as recently as 2007. (*Id.*) Moazzeni's attempt to distinguish *Shorter* is unavailing. Emphasizing the fact that the Superseding Indictment here does not allege a "cash lifestyle," 809 F.2d at 57, Moazzeni appears to place form over substance, failing to grasp the teachings of *Shorter*. A pattern of conduct designed to evade payment—whatever form it takes—may be charged in a single count. *See, e.g., Root*, 585 F.3d at 150 (relying on *Shorter* to reject a similar duplicity argument). Because each alleged element of evasion in this case results from the same pattern of conduct (hiding assets through a nominee) each act is part of the same scheme.

*Id.* at 153 ("[E]ach year's evasion resulted from the same conduct").

There are also a number of similarities between this case and *Miller*, 520 F.3d 504, in which the Fifth Circuit rejected a duplicity argument. Similar to the allegations here, the defendant in that case attempted to hide assets, then sought to settle his tax debts with the Internal Revenue Service once those assets were safely overseas. *Id.* at 508-09. The Government's theory in *Miller* was that the defendant attempted to evade taxes through his "Offer in Compromise" because he lied about the availability of assets when making that "Offer." *Id.* The same theory would apply here to Moazzeni's alleged efforts to hide assets from his creditors—including the Government—during his bankruptcy. Affirming the conviction in *Miller*, the Fifth Circuit emphasized the lack of any risk of a nonunanimous jury verdict where the jury was specifically instructed on that point. Similar safeguards will be employed in this case to ensure that the jury unanimously determines whether the last act in furtherance of the scheme occurred within the limitation period.

Moazzeni's reliance on *Davis* does not change the analysis. There, the Seventh Circuit *rejected* a challenge to a single-count indictment charging Medicaid fraud, concluding that it was not duplicitous. *Davis*, 471 F.3d at 785. Unlike the case here, the defendant in *Davis* was accused of employing three *discrete* schemes to commit a fraud. *Id.* The Seventh Circuit affirmed the conviction, finding that the three different schemes were part of the same "ongoing and continuous course of conduct." *Id.* at 791. If three *distinct* schemes may be charged as part of one continuous offense, then so may a *single*

scheme accomplished by nearly uniform means.[4]

Finally, the Court concludes that Moazzeni will not suffer unfair prejudice as a result of any apparent duplicity in Count 1. If requested, an appropriate jury instruction will guide the jury deliberations and avoid any resulting confusion. *See, e.g., Miller*, 520 F.3d at 513 (explaining jury instructions designed to avoid prejudice from duplicity). Moreover, as the Court explained during oral argument, its evidentiary rulings will be made independently of the allegations set forth in the Superseding Indictment. Finally, unless requested by both parties, the indictment will not be provided to the jury. Consequently, its contents would have no effect on the jury deliberations.

## IV.

In sum, the Court concludes that evading payment of taxes in violation of 26 U.S.C. § 7201 may be charged as a continuing offense. Count 1 in this case is not impermissibly duplicitous, because it alleges a continuous scheme and at least some of the alleged acts in furtherance of it took place within the limitation period. Any potential for prejudice to Moazzeni will be avoided by an appropriate jury instruction. Accordingly, Moazzeni's Motion to Dismiss Count 1 will be denied.

---

[4] The analysis might be somewhat different if Count 1 was based on an evasion of tax *assessment*, as opposed to an evasion of tax *payment*. As Moazzeni emphasizes, the allegedly false tax returns filed in 2005 are beyond the applicable statute of limitation. If this were a pure assessment case, it would appear that all alleged attempts to evade assessment fall on or before that 2005 tax return filing. Regardless, any distinction is inapplicable here, because Count 1 clearly alleges evasion of payment, not evasion of assessment. Even then, the Third Circuit has rejected such an argument in an evasion of assessment case, concluding that "Section 7201 neither distinguishes between evasion of assessment and evasion of payment, nor suggests that one type of evasion should be treated differently than the other for purposes of determining the unit of prosecution." *Root*, 585 F.3d at 153.

8

An appropriate Order will accompany this Memorandum Opinion.

                                            /s/
                                   Henry E. Hudson
                                   United States District Judge

Dated: Dec 11, 2012
Richmond, Virginia